IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**JASON PHILLIPS**,                        )
                                           )
                    Plaintiff,             )
                                           )
        vs.                                )        2:05cv1314
                                           )        Electronic Filing
**TOWNSHIP OF CUMBERLAND** and             )
**WILLIAM LEWIS**, in his official         )        Judge Cercone
and individual capacity,                   )        Magistrate Judge Lenihan
                                           )
                    Defendants.            )

## MEMORANDUM ORDER

Plaintiff's Complaint was received by the Clerk of Court and was subsequently referred to United States Magistrate Judge Lisa Lenihan for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

The Magistrate Judge's Report and Recommendation, filed on February 22, 2007 recommended that Defendants' Motion for Summary Judgment be granted.  Service was made on all counsel of record, with objections due on or before March 12, 2007.  Plaintiff timely filed Objections to the Report and Recommendation.  After independent review of the pleadings and documents in the case, together with the Report and Recommendation and the Objections thereto, the following Order is entered:

AND NOW, this _11_ day of September, 2007, IT IS ORDERED that Defendant's motion for summary judgment (Doc. No. 24) be, and the same hereby is, granted.  The Report and Recommendation of Magistrate Judge Lenihan (Document No. 33) as augmented herein is adopted as the Opinion of the Court.

Plaintiff's objections are without merit.  First, current counsel's efforts to invoke the criminal law concept of "ineffective assistance of counsel" is misplaced.  Plaintiff has no

constitutional or federal right to the assistance of effective counsel in a civil proceeding challenging termination of employment from a public position of service. Furthermore, as noted by the magistrate judge, the restrictions on plaintiff's use of evidence are of his own doing and only were imposed as a measure of last resort after numerous orders were entered providing more than ample time and means to complete discovery. And plaintiff has not suggested in any meaningful way what additional information would have an impact on the court's analysis of the claims at issue.

Second, to suggest that the installation of recording equipment in a public patrol car somehow reflects a custom or practice resulting in the deprivation of an individual's constitutional rights is unavailing. It virtually is public knowledge that patrol cars frequently are equipped with recording equipment. Plaintiff admits that he understood the recording equipment came on when the vehicle was started. Once the equipment is running, it would be expected to capture indiscriminately those images that came within its range. Given those circumstances and the setting in question, assertions that an individual officer would harbor an expectation of privacy in the words spoken inside the vehicle while the unit is operating certainly are not premised on a reasonable expectation which society is willing to embrace. See United States v. Clark, 22 F.3d 799, 802 (8th Cir. 1994) ("The general public has no reason to frequent the back seat of a patrol car, or to believe that it is a sanctuary for private discussions. A police car is not the kind of public place, like a phone booth (e.g., Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967)), where a person should be able to reasonably expect that his conversation will not be monitored. In other words, allowing police to record statements made by individuals seated inside a patrol car does not intrude upon privacy and freedom to such an extent that it could be regarded as inconsistent with the aims of a free and open society.") (citing in support United States v. McKinnon, 985 F.2d 525 (11th Cir. 1993) (same)). In such a setting plaintiff simply cannot choose when the protective schrod of privacy can be invoked based on his subjective assessment of the nature of his conversations within the vehicle.

2

Finally, "threatening" to publicize plaintiff's extra marital affair by firing plaintiff in a public meeting does not constitute actual "publicity," which is an essential element to plaintiff's state law claim for invasion of privacy.  See Vogel v. W. T. Grant, Co., 327 A.2d 133, 137 (Pa. 1974) ("If there is no publicity, or if it is only what would normally be considered reasonable, or if the fact publicized is not a private one, there has been no actionable invasion of privacy.").


David Stewart Cercone
United States District Judge

cc:    Honorable Lisa Pupo Lenihan
       United States Magistrate Judge

       Jeffrey D. Abramowitz, Esquire
       121 West Second Street
       Greensburg, PA 15601

       Harry F. Smail, Jr., Esquire
       126 West Pittsburgh Street
       2nd Floor
       Greensburg, PA  15601

       Scott G. Dunlop, Esquire
       Teresa O. Sirianni, Esquire
       Marshall Dennehey Warner
          Coleman & Goggin
       Suite 2900, US Steel Tower
       600 Grant Street
       Pittsburgh, PA  15219